IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ARNULFO RICO and SAUL RICO**, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:10-CV-1643-L** |
| § | |
| **JPMORGAN CHASE BANK N.A.** § | |
| formerly known as JPMorgan Chase Bank, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is JPMorgan Chase Bank N.A.'s Motion to Dismiss First Amended Complaint for Failure to State a Claim or Alternatively, Motion for More Definite Statement, filed October 4, 2010. After careful consideration of the motion, response, reply, briefs, record, and applicable law, the court **grants in part** and **denies in part without prejudice** JPMorgan Chase Bank N.A.'s Motion to Dismiss First Amended Complaint for Failure to State a Claim, and **denies as moot** Defendant's Alternative Motion for More Definite Statement.

### I. Factual and Procedural Background

Plaintiffs Arnulfo and Saul Rico (collectively, "Plaintiffs") originally filed this action against Defendant JPMorgan Chase Bank N.A. ("JPMorgan" or "Defendant") in the 101st Judicial District Court of Dallas County, Texas, on August 2, 2010. JPMorgan removed the action to this court on August 23, 2010, on the grounds that complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000, exclusive of interest and costs. Plaintiffs subsequently amended their pleadings and filed Plaintiffs' First Amended Complaint ("Complaint") on September 20, 2010. Plaintiffs assert the following claims against JPMorgan: (1) violation of

**Memorandum Opinion and Order – Page 1**

the Texas Debt Collection Act; (2) violation of the Consumer Protection Act and deceptive trade practices; (3) fraud; (4) fraud by nondisclosure; and (5) negligent misrepresentation.

The court finds the Complaint unclear in its allegations. From what the court is able to glean from the pleadings, this case arises out of a mortgage loan acquired by Plaintiffs several years ago. In 2003, Plaintiffs executed a promissory note in the principal amount of $99,200, which was secured by a deed of trust to Plaintiffs' residential property located at 10120 Brockbank Drive in Dallas, Texas (the "Property"). Plaintiffs allege that, although Bank One, N.A. was named as the lender and beneficiary on the deed of trust, JPMorgan (through assignment) now purports to be the owner of the mortgage loan and responsible for the loan's servicing. To this end, in 2010, JPMorgan stated its intention to hold a foreclosure sale of the Property to recover delinquent payments on the mortgage loan. Plaintiffs contend that they are Spanish-speaking individuals, do not understand English, and have never had necessary documents read or presented to them in Spanish; therefore, Plaintiffs allege that they have no understanding of any of the terms and conditions imposed on them by documents that they have signed.

Defendant argues that the current form of Plaintiffs' Complaint constitutes a series of conclusory allegations without any factual or legal basis for support. JPMorgan further moves to dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted. Alternatively, JPMorgan requests that Plaintiffs replead their claims with a more definite statement to satisfy the Rule 12(b)(6) standard, the general pleading requirements of Rule 8, and the more specific pleading requirements of Rule 9(b) concerning fraud claims.

## II. Legal Standards

### A. Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Standard for Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination*

*Unit,* 507 U.S. 163, 168 (1993). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544.

### III. <u>Analysis</u>

As an initial matter, the court notes the scarce substance of Plaintiffs' Complaint. The court was required to strain in drawing inferences from Plaintiffs' allegations to paint a factual background upon which Plaintiffs' claims could reasonably be based. For example, there is no allegation in the Complaint that the mortgage loan was improperly assigned to Defendant or that it was never assigned. There is only the conclusory assertion that JPMorgan has no authorization to order a foreclosure sale. Although Plaintiffs specifically contend that JPMorgan is wrong in attempting to organize a foreclosure sale, they do not state reasons why JPMorgan's alleged conduct is wrong or legally objectionable. From what the court gleans from the pleadings, Plaintiffs' claims seem to arise generally from Plaintiffs' own confusion with respect to the procedures lending companies or banks use to satisfy outstanding debts on mortgage loans secured by real property. The court now considers Plaintiffs' claims.

#### A. **Violation of the Texas Debt Collection Act Claim**

Plaintiffs contend that JPMorgan violated the Texas Debt Collection Act because Defendant "threatened to take an action prohibited by law." Pls.' Compl. 5 ¶ 8. Specifically, Plaintiffs contend that JPMorgan violated the Act when it failed to give notice of default or delinquency before accelerating the loan and commencing the substitute trustee's sale. In the alternative, Plaintiffs contend that if such notice was given, JPMorgan lacked the legal capacity to give notice of default, of acceleration, and of the substitute trustee's sale. The court notes the conclusory nature of Plaintiffs' assertions.

Defendant contends that there are insufficient factual allegations to support Plaintiffs' claim. Plaintiffs respond that they have alleged more than "mere possibilities of misconduct" because they have pled outright that JPMorgan failed to give required notices, or alternatively that JPMorgan lacked the legal capacity to give such notice and foreclose on the Property. They argue that such pleadings rise above "mere speculation" and that "plausible facts" have been presented. The court disagrees.

While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs.*, 401 F.3d at 642 (citations omitted). Here, Plaintiffs' claim is rife with factual deficiency. Simply pleading matter-of-factly that Defendant "failed to give notice," "violated Tex. Fin. Code. § 392.301(a)(8)," or "lacked the legal capacity to give required notices" does *not* produce a sufficient factual basis upon which to advance a claim. Plaintiff's statements constitute nothing more than conclusory allegations and legal conclusions. For the court to even begin to reasonably arrive at the legal conclusions that Plaintiffs present, the court would have to strain to find favorable inferences in support of Plaintiffs' claim.

There are no factual allegations explaining when notice was required or why it was required. There are no factual allegations explaining why JPMorgan lacked legal capacity to give notices or order a foreclosure sale. There are no factual allegations explaining with specificity the type of conduct in which JPMorgan engaged to constitute a violation of section 392.301(a)(8) of the Texas Finance Code. A simple blanket statement that a party has "violated a statute" does not raise a cause

of action above a speculative level; claimants must allege a sufficient factual basis to plausibly warrant their desired legal conclusion.

The court determines that more specific allegations are necessary to put Defendant on fair notice of the claim being asserted. The allegations must be sufficient to allow the court to make a reasonable inference that Defendant has committed the alleged illegal act. In this instance, Plaintiffs' allegations fall short of that standard. There is no fair notice to Defendant or enough factual allegations for the court to draw an inference that Defendant is liable for the conduct alleged. The court will allow Plaintiffs an opportunity to cure these deficiencies and replead their claim with greater specificity. As the court will allow Plaintiffs an opportunity to replead and satisfy the Rule 12(b)(6) standard, Defendant's Alternative Motion for More Definite Statement is moot.

### B. Violation of the Consumer Protection Act and Deceptive Trade Practices Claim

Plaintiffs contend that they are entitled to recover against JPMorgan for deceptive trade practices because they "acquired services" from Defendant with respect to the administration of the loan, processing of payments, maintenance and adjustment of an escrow account, and preparation of all necessary documents to complete the loan. Accordingly, Plaintiffs contend that they qualify as a "consumer" under the Consumer Protection Act.

JPMorgan contends that Plaintiffs lack standing to bring a deceptive trade practices claim because they are not "consumers" under the Consumer Protection Act. The Act defines a "consumer" as one who "seeks or acquires by purchase or lease, any goods or services [from Defendant] . . . ." Tex. Bus. & Comm. Code Ann. § 17.45 (Vernon 2011). When a party obtains a loan "inextricably intertwined" in the purchase or lease of a good or service, that party may qualify as a "consumer." *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex. 1982).

The determining factor is whether the purchase or lease of a good or service was "an objective of the transaction, not merely incidental to it." *FDIC v. Munn*, 804 F.2d 860, 865 (5th Cir. 1986).

In this case, Plaintiffs admittedly took out a mortgage loan to purchase the Property. The record is clear that the objective of their transaction was *not* to administer the loan, process payments, maintain and adjust an escrow account, or prepare all necessary documents to complete the loan; Plaintiffs' objective was to purchase their residence. All ensuing loan servicings were incidental to that. Accordingly, because Plaintiffs were attempting only to borrow money to pay for the Property, instead of purchase a good or service with respect to servicing their mortgage loan, they do not meet the classification of a "consumer" under the Act. This is a fatal blow to Plaintiffs' deceptive trade practices claim, and it is one that cannot be cured through amendment. To the extent that JPMorgan seeks dismissal of Plaintiffs' Consumer Protection Act and deceptive trade practices claim, JPMorgan's motion to dismiss will be granted.

### C. Fraud, Fraud by Nondisclosure, and Negligent Misrepresentation Claims

The court groups Plaintiffs' fraud, fraud by nondisclosure, and negligent misrepresentation claims because the claims arise from the same factual allegations, and the Rule 9(b) pleading standard applies to each claim. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387, 387 n.3 (5th Cir. 2010) ("'[T]his court has applied the heightened pleading requirements [of Rule 9(b)] when the parties have not urged a separate focus on the negligent misrepresentation claims' such as when 'fraud and negligent misrepresentation claims are based on the same set of alleged facts.'") (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)). Here, Plaintiffs' Complaint draws no distinction between the factual allegations forming the basis of their fraud and fraud by nondisclosure claims and the factual allegations forming of the

basis of their negligent misrepresentation claim. Accordingly, the heightened pleading standard of Rule 9(b) applies to all three claims.

Plaintiffs' allegations concerning these claims are again conclusory. They allege generally that JPMorgan committed fraud by fraudulently representing that it had the authority and legal capacity to act as the successor to Bank One, N.A., and that it fraudulently asserted an interest in the ownership and servicing of the mortgage loan. Plaintiffs further assert that JPMorgan committed fraud by nondisclosure when it failed to provide them with a series of twenty-nine documents, displayed in laundry list fashion in the Complaint. Plaintiffs assert that these omissions were material and that Defendant had a duty to disclose them. With respect to Plaintiffs' negligent misrepresentation claim, Plaintiffs assert that JPMorgan did not exercise reasonable care in communicating correct information and that it made fraudulent representations in the course of the mortgage loan transaction.

Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (quotations omitted). To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quotations omitted). This heightened pleading requirement imposed by Rule 9(b) is clearly applicable to Plaintiffs' claims here.

The Complaint wholly fails to identify any of the particulars of time, place, and contents of the alleged misrepresentations. In addition, the Complaint fails to identify the person or persons who allegedly made the false representations or what they allegedly obtained from Plaintiffs as a result of those representations. With respect to the fraud by nondisclosure claim, Plaintiffs do not present any factual allegations to support their contention that JPMorgan owed them a duty to provide them with copies of the twenty-nine documents listed in the Complaint. Plaintiffs' mere assertion that Defendant "owed them a duty" is a legal conclusion unwarranted by the factual allegations. Moreover, Plaintiffs' negligent misrepresentation claim is premised upon JPMorgan's alleged fraudulent conduct, and it likewise falls short of satisfying the Rule 9(b) pleading standard.

As with Plaintiffs' claim for violation of the Texas Debt Collection Act, the court determines that more specific allegations are necessary here to put Defendant on fair notice of the fraud and negligent misrepresentation claims being asserted. The allegations must be sufficient to allow the court to make a reasonable inference that Defendant has committed the alleged illegal acts. In this instance, Plaintiffs' allegations fall well short of that standard. There is no fair notice to Defendant or enough factual allegations for the court to draw an inference that Defendant is liable for the conduct alleged. The court will allow Plaintiffs an opportunity to cure these deficiencies and replead their claim with greater specificity. As the court will allow Plaintiffs an opportunity to replead and satisfy the Rule 12(b)(6) and Rule 9(b) standards, Defendant's Alternative Motion for More Definite Statement is moot.

## IV. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part without prejudice** JPMorgan Chase Bank N.A.'s Motion to Dismiss First Amended Complaint for Failure to State a

Claim, and **denies as moot** Defendant's Alternative Motion for More Definite Statement. Defendant's motion to dismiss is **granted** to the extent that Plaintiffs' claim for violation of the Consumer Protection Act and deceptive trade practices is **dismissed with prejudice** for failure to state a cognizable legal claim. Defendant's motion to dismiss is **denied without prejudice** in all other respects. Plaintiffs are **ordered** to replead their remaining claims with greater specificity to cure the identified deficiencies and comply with the Rule 12(b)(6) and Rule 9(b) standards. The amended Complaint shall be filed no later than **May 23, 2011, 5:00 p.m.**

*If Plaintiffs fail to amend in accordance with this opinion and cure the deficiencies identified by the court, JPMorgan may renew its motion to dismiss, or the court may dismiss this action sua sponte pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or pursuant to Rule 41(b) of failure to comply with a court order.*

**It is so ordered** this 10th day of May, 2011.

／s／ Sam A. Lindsay
Sam A. Lindsay
United States District Judge